IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIK PADILLA,

        Plaintiff,

v.                                                      No. 15cv515 RB/KBM

DEE NAZI, *et al.*,

        Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECONSIDERATION AND
CERTIFYING THAT APPEAL IS NOT TAKEN IN GOOD FAITH**

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration, Doc. 17, filed August 28, 2015,[1] and on Plaintiff's Notice of Appeal, Doc. 13, filed August 25, 2015. For the reasons stated below, the Court will **DENY** the Motion for Reconsideration and **CERTIFIES** that Plaintiff's appeal is not taken in good faith.

**Procedural Background**

After granting Plaintiff's motion to proceed *in forma pauperis*, Doc. 3, the Court reviewed Plaintiff's Complaint, Doc. 1, pursuant to the statute governing proceedings *in forma pauperis*, 28 U.S.C. § 1915. The Court dismissed Plaintiff's complaint without prejudice for failure to state claims against any of the Defendants and granted Plaintiff leave to file an amended complaint. *See* Doc. 9.

Plaintiff filed an Amended Complaint, Doc.10, which, despite the Court's previous order

---

[1] The docket indicates that the Motion for Reconsideration was filed on August 28, 2015. However, Plaintiff mailed his Motion for Reconsideration with his Notice of Appeal in one package to Chief United States District Judge M. Christina Armijo. That package was received in Chief Judge Armijo's chambers on August 25, 2015. *See* Doc. 17-4 at 24. The filing date for the Motion for Reconsideration should therefore be August 25, 2015. The Court will order the Clerk to correct the filing date on the docket.

notifying Plaintiff that conclusory allegations are insufficient to state a claim, did not state with particularity what each Defendant did to Plaintiff. The Court dismissed the case without prejudice for failure to state a claim. *See* Doc. 11.

Plaintiff subsequently mailed a package of documents to Chief United States District Judge M. Christina Armijo. Those documents included a Notice of Appeal, Doc. 13, and a Motion for Reconsideration, Doc. 17.

**Motion for Reconsideration**

Plaintiff's 124-page Motion for Reconsideration is titled "Motion for Re-Hearing Amend Complaints with White Out and Remand Case Back to Lourdes Garcia [sic] Magistrate Judge. It consists primarily of a wide variety of forms, many of which contain Defendants' names, is largely unintelligible and in places contains delusional statements. For example, in a form titled "Court Order Notice of Completion for Decision and Identifying," Plaintiff apparently seeks "$400,000 dollars for New Body," money "to pay for the series, mark of beast for victim or witness Erik Padilla [Plaintiff], and help for Plaintiff to "move to space or another plantet [sic] while earth rewinds." Motion to Reconsider at 15. Elsewhere, Plaintiff states "family could have weapon x-ray for weapons," Doc. 17-2 at 20, alleges the existence of a "State Mafia Police," Doc. 17-3 at 14, and requests "$100,000 dollars for Strong Ecto-Plasm shooting up 24 feet." Doc. 17 at 13. Plaintiff does not make any arguments to support his Motion for Reconsideration.

The Court will construe Plaintiff's Motion for Reconsideration, which he filed within two weeks of entry of the Final Order dismissing her case, as a Rule 59(e) motion to alter or amend judgment. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (a motion to reconsider filed within the time limit for filing a motion to alter or amend a judgment, now 28 days

after entry of judgment, should be construed as a Rule 59 motion); *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (when a motion is filed within the Rule 59 time limit after the district court's judgment, "and the motion seeks to alter the substantive ruling of the district court, we construe the plaintiffs' motion as a motion to alter or amend the judgment pursuant to Rule 59(e)"). "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). The Tenth Circuit has also stated:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Cf.* Fed.R.App.P. 40(a)(2) (grounds for rehearing). It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991).

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court will deny Plaintiff's Motion for Reconsideration because he does not present any arguments to support his Motion to Reconsider. The Court will not "assume the role of advocate for the pro se litigant" and make his arguments for him. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Notice of Appeal**

Plaintiff's Notice of Appeal, Doc. 13, consists of one page which states Plaintiff "Hereby appeal to the United States District Judge Christina Armijo from the District Judge Robert C. Brack (from a Decision or Judgment) (from an order (describing it)) Dismissing Case 1:15-CV-515-RB-KBM Erik Padilla Plaintiff v. Dee Nazi." Attached to the Notice of Appeal is

the Court's two-page Order of Dismissal, Doc. 11, a one-page document summary for Doc. 11, and two pages which are copies of the envelopes in which Plaintiff submitted his Notice of Appeal. Plaintiff does not make any arguments of error in the Court's Order of Dismissal, does not identify the issues on appeal, and does not show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The Supreme Court has held that good faith is to be judged by an objective standard, for review of any issue 'not frivolous.'" *Spearman v. Collins*, 500 Fed.Appx. 742, 743 (10th Cir. 2012) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Id.; see also Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("an appeal is frivolous if it lacks an arguable basis in either law or fact").

The Court concludes that Plaintiff's appeal is not taken in good faith because he has not made any arguments of error in the Court's Order of Dismissal or identified "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) ("In order to succeed on [a motion for leave to proceed on appeal without prepayment of costs or fees], an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.").[2]

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration, Doc. 17, is **DENIED.**

---

[2] The Court granted Plaintiff's Motion/Application to Proceed under 28 U.S.C. § 1915, Doc. 3, in District Court. *See* Mem. Op. and Order, Doc. 9. Plaintiff has not filed a motion for leave to proceed on appeal without prepayment of costs or fees.

**THE COURT CERTIFIES** that the appeal is not taken in good faith.

**IT IS ALSO ORDERED** that the Clerk shall correct the filing date on the docket to show that the Motion for Reconsideration, Doc. 17, was filed August 25, 2015.

_____
**UNITED STATES DISTRICT JUDGE**